IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MORGAN POWELL, ) | |
| ) | |
| Plaintiffs, ) | Case No. CV04-249-S-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| IDACORP, INC., et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| AND CONSOLIDATED ACTION. ) | Case No. CV04-322-S-EJL |
| ) | |

Defendants filed a motion to dismiss to which Plaintiff responded. On May 19, 2005 Magistrate Judge Mikel H. Williams held a hearing on the motion and subsequently issued a report and recommendation, recommending that Defendants' motion to dismiss be granted. Both parties have filed timely written objections.

Any party may challenge a Magistrate Judge's proposed recommendation regarding a dispositive motion by filing written objections within ten days after being served with a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. Id.; see also Fed. R. Civ. P. 72(b). In contrast, the Court reviews a Magistrate Judge's nondispositive order under a clearly erroneous or contrary to law standard. Fed. R. Civ. P. 72(a); 28 U.S.C. 636(b)(1)(A).

Plaintiff's objections contend the Magistrate Judge erred by concluding that 1) the complaint failed to allege loss causation and 2) that Plaintiff should not be granted leave to amend the complaint. Although not objecting to the conclusion of the report, Defendants assert the Court should find that the alternative reasons for dismissal raised in the initial motion also provide

MEMORANDUM ORDER - Page 1
06ORDERS\powell_

grounds for granting the motion to dismiss. In addition, Defendants dispute the Magistrate Judge's conclusion that the complaint was timely.

## FACTUAL BACKGROUND[1]

Plaintiff, Morgan Powell, has brought this class action on behalf of persons who acquired publicly issued securities of Idacorp, Inc. between February 1, 2002 and June 4, 2002 ("class period") against Defendants Idacorp, Inc., Jon H. Miller, Jan B. Packwood, J. Lamont Keen, and Darrel T. Anderson. The complaint alleges federal securities law violations raising claims pursuant to § 10(b) and § 20(a) of the 1934 Act and Rule 10b-5, 17 C.F.R. § 240.10b-5. The scheme and fraudulent activity alleged in the complaint involved Idacorp's use of its subsidiaries, IPC and IE, "to engage in improper energy trading and hedging activities and financial manipulations before and during the Class Period." The purpose being to inflate IE's earnings and Idacorp's stock price by engaging in financial transactions with non-creditworthy entities and entering into improper contracts thereby falsely inflating the values of its assets and manipulating earnings. Thus, the financial forecasts upon which Plaintiff relied were false and misleading because they were based upon these improper transactions. Specifically, the complaint alleges Defendants issued public announcements and projected earnings statements in February of 2002, on April 12, 2002, and on June 4, 2002 which Defendants knew to be false and upon which Plaintiff relied in purchasing shares of Idacorp. When the true financial condition of Idacorp was revealed the stock price collapsed thereby causing loss to investors.

## DISCUSSION

1) <u>Loss Causation</u>:

The report and recommendation concluded that Plaintiff failed to satisfy the pleading requirements relating to the loss causation element of their claims. In particular, the report determined that the allegations of inflated stock prices and the subsequent decline in price did not sufficiently allege the price drop was caused by the alleged misrepresentations and that the risk alleged to be concealed was disclosed before and throughout the class period. The Magistrate

---

[1] The report and recommendation provides a thorough recitation of the facts, some of which this Court has used in this statement of facts. (Dkt. No. 86, pp. 1-3).

Judge's finding was based in large part upon <u>Broudo v. Dura Pharmaceuticals</u>, 544 U.S. 336 (2005). In their objections, Plaintiff urges this Court to conclude differently in light of the recent Ninth Circuit decision of <u>In re Daou Systems, Inc., Securities Litigation</u>, 411 F.3d 1006 (9th Cir. 2005) which was issued subsequent to <u>Dura</u>.

In <u>Dura</u> the Supreme Court concluded that merely alleging loss as a result of artificially inflated prices was insufficient to plead the loss was caused by a securities violation; noting that the complaint failed to allege the share prices "fell significantly after the truth became known." <u>Dura</u>, *supra* (concluding that the complaint must provide defendants with notice of what that relevant economic loss might be and what the causal connection might be between the loss and the misrepresentation). Ultimately, the Supreme Court found that the law requires "that a plaintiff prove that the defendant's misrepresentation (or other fraudulent conduct) proximately caused the plaintiff's economic loss." <u>Id.</u> Subsequently, the Ninth Circuit issued its decision in <u>Daou</u> which concluded that the complaint's allegations that the drop in stock price was causally related to the financial misstatements because the price of stock fell precipitously following the company's disclosure of its true financial health. Plaintiff here argues that under <u>Daou</u> they have properly alleged loss causation. In reply, Defendants point to the Magistrate Judge's finding that the alleged misconduct did not cause the price decline because the disclosures occurred before, during, and after the class period.

Plaintiff argues that the stock price decline following the forecast reductions caused the economic loss alleged by Plaintiff because these forecasts began to reveal the true financial condition of the company without the artificial inflation cause by Defendants' fraud of engaging in transactions with non-creditworthy counterparties. Plaintiff maintains that <u>Dura</u> only requires that plaintiffs provide a short and plain statement of what the relevant economic loss might be and what the causal connection might be between plaintiffs' loss and defendants' misconduct. (Dkt. No. 81, p. 2). The Magistrate Judge concluded that "the risk that Plaintiffs state was concealed, the volatility of the share value based on dealing with or the lack of creditworthy counterparties, was disclosed before...and throughout the class period and thus was not concealed." (Dkt. No. 86, p. 16). Thus, loss causation has not been alleged because the stock price did not fall "after the truth

MEMORANDUM ORDER - Page 3
06ORDERS\powell_

became known," because the "truth" was known prior to the class period. See Dura, 125 S.Ct. at 1634 ("The complaints failure to claim that Dura's share price fell significantly after the truth became known....").

This Court has conducted a *de novo* review of the record in light of Plaintiff's objections and finds the Magistrate Judge's conclusions to be correct. Assuming the allegations of the complaint to be true and drawing all reasonable inferences in Plaintiff's favor, the Court agrees that loss causation has not been plead. Plaintiff's allegations of loss causation point to the forecast reductions in April and June of 2002 as revealing the prior misrepresentations regarding unworthy creditors and, thus, causing the drop in the stock price. As determined by the Magistrate Judge, these announcements did not reveal information not previously disclosed to the public; instead, the company had previously announced that several factors could possibly impact the stock prices including deteriorating credit conditions. Because the company disclosed the risks involved with entering into the alleged un-creditworthy counterparties prior to the reduction in stock prices, Plaintiff has failed to allege loss causation.

Additionally, this Court finds the more telling failure in the pleading is the fact that the truth about the alleged misstatements was not revealed until after the class period and, thus, the decline in stock price as alleged by Plaintiff was not caused by the forecast reductions. Plaintiff points to paragraphs 7-9, 59, and 77 of the complaint as forming the basis for loss causation. While these paragraphs allege a drastic reduction in the company's earning estimates, the same paragraphs also allege that the Defendants continued to withhold the truth from investors in that the "defendants continued to falsely deny that they engaged in improper energy transactions." (Docket No. 30, ¶ 9). Assuming Plaintiff's allegations in the complaint are true, the forecast reductions relied upon by Plaintiff do not allege loss causation because, as the complaint itself states, the truth regarding the alleged misstatements was still being concealed by the Defendants. Plaintiff also points to Exhibits A and B of the complaint as further evidence of loss causation. These documents, however, were also issued after the class period. Thus, as the complaint itself alleges, the misstatements remained concealed from the public in these forecast reductions and, therefore, any loss by Plaintiff could not have been caused as a result of the release of the forecast reductions.

Plaintiff argues the Ninth Circuit opinion in Daou, however, only requires that the disclosures "began to reveal figures showing the company's true financial condition" and maintains that the allegations in this case regarding the forecast reductions are similar to the revelations accepted in Daou. (Dkt. No. 88, p. 7) (quoting Daou, 411 F.3d at 1026). Defendants disagree, arguing the complaint in Daou alleged that the revelation included the company's prior misconduct whereas here the alleged misconduct was not revealed in the forecast reductions but, instead, well after the class period had ended. (Dkt. No. 89, p. 5). While generally revelations beginning to show the "true financial condition" of a company are sufficient under Daou, the Court agrees with the defense that the facts here are different. In Daou, the Ninth Circuit determined loss causation had been plead where the complaint alleged the company's August 1998 disclosure of its true financial condition was sufficient. Daou, 411 F.3d at 1026. The decision also recognized, however, that prior to the August 1998 revelation "the defendants failed to disclose the actual figures to analysts to conceal the fact that Daou's operating earnings and margins were deteriorating as a result of the [misconduct]." Id. (concluding that because the complaint did not allege any revelations of Daou's true financial health prior to August of 1998 that any losses suffered prior to August 1998 "cannot be considered causally related."). Here, the revelations alleged in the complaint, the forecast reductions, did not reveal the "true financial condition" of Idacorp because, as stated in the complaint, the April and June 2002 forecast reductions continued to conceal the alleged misrepresentations as the basis for the forecast reduction. (Dkt. No. 30, ¶ 7-10). Therefore, the Court finds the Plaintiff's allegations fail to demonstrate loss causation because the complaint does not allege any misrepresentations that caused their loss which did reveal the true condition of Idacorp during the class period.

Based on the foregoing, the Court adopts the report and recommendation with the above additional comments. As a necessary result of this conclusion, the Court also agrees with the Magistrate Judge that Defendants' motion to dismiss should be granted because the Court finds Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. This is particularly true given the heightened pleading standard applied in security-fraud suits.

2) <u>Leave to Amend</u>:

The initial complaint in this action was filed on May 26, 2004 and later consolidated on August 31, 2004. (Dkt. Nos. 1, 26). A consolidated complaint was filed on October 29, 2004. (Dkt. No. 30). The Supreme Court's decision in <u>Dura</u> was issued on April 19, 2005 and the Ninth Circuit's <u>Daou</u> opinion was entered June 21, 2005. Plaintiff asserts because <u>Dura</u> changed the controlling law in the Ninth Circuit they should be granted leave to amend the complaint. Defendants argue that Plaintiff should have anticipated any changes in the law as a result of <u>Dura</u> because Plaintiff's counsel's firm represented the plaintiff in that action and certiorari had been granted in June of 2004 prior to the filing of the consolidated complaint.

The report and recommendation denied any request to amend based on its conclusion that Plaintiff would not be able to cure the deficiencies in their complaint. Based on this Court's *de novo* review of the record, this Court finds the report incorrectly denied the motion to amend. Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay." <u>Bowles v. Reade</u>, 198 F.3d 752, 757-58 (9th Cir. 1999) (citation omitted). In this case, while the Court agrees with the Magistrate Judge that Plaintiff likely will not be able to cure his pleading deficiencies by amending the complaint in this matter, because the law upon which this decision is based did change the law in this circuit the Court will grant limited relief allowing Plaintiff leave to amend the complaint solely as to the issue of loss causation.

**ORDER**

Having conducted a *de novo* review of the objected to portions of the Report and Recommendation, the Court finds that Magistrate Judge Williams' Report and Recommendation is well founded in the law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Williams, and this Court being fully advised in the premises;

**IT IS HEREBY ORDERED** that except to the extent it has been modified by the Court herein, the Report and Recommendation entered on September 14, 2005 (Dkt. No. 86) should be and is hereby, **INCORPORATED** by reference and **ADOPTED** as modified by this order.

**THEREFORE IT HEREBY ORDERED** Defendants' Motion to Dismiss (Dkt. No. 56) is **GRANTED**.  Plaintiff's motion to amend is **GRANTED**.  Plaintiff shall file an amended complaint only as to the loss causation element on or before **May 1, 2006**.

DATED:  **March 29, 2006**

Honorable Edward J. Lodge
U. S. District Judge